Submitted January 17, 2019, affirmed February 10, petition for review allowed July 8, 2021 (368 Or 347)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL GARRETT BURRIS,
*Defendant-Appellant.*

Washington County Circuit Court
16CR75916; A164853

481 P3d 319

Defendant appeals his convictions, after a jury trial, for providing false information in connection with the transfer of a firearm, ORS 166.416 (Count 1), and the misdemeanor offense of attempted unlawful possession of a firearm, ORS 161.405; ORS 166.250 (Count 2). He assigns error to the trial court's denial of his motion *in limine* to present evidence that ORS 166.270(4) states an affirmative defense to the misdemeanor offense of unlawful possession of a firearm. *Held*: ORS 166.270(4) provides an affirmative defense only to the felony offense of felon in possession of a firearm. The trial court therefore did not err in rejecting defendant's contention that ORS 166.270(4) provides an affirmative defense to the misdemeanor of unlawful possession of a firearm under ORS 166.250.

Affirmed.

Beth L. Roberts, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Page, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, and Egan, Chief Judge, and Lagesen, Judge.

EGAN, C. J.

Affirmed.

**EGAN, C. J.**

Defendant appeals his convictions, after a jury trial, for providing false information in connection with the transfer of a firearm, ORS 166.416 (Count 1), and attempted unlawful possession of a firearm, ORS 161.405; ORS 166.250 (Count 2). He assigns error to the trial court's denial of his motion *in limine* to present evidence on his theory of defense to the offense of unlawful possession. We conclude that the trial court did not err in rejecting defendant's request to present his defense and therefore affirm.

The facts are undisputed for purpose of the issues on appeal. In 1996, defendant was convicted of a felony in California. Defendant was sentenced to 60 days in a county jail and probation of three years. In 2006, he applied to have his conviction expunged or reduced to a misdemeanor. Although he never received confirmation, defendant believed that his conviction had been expunged.

In November 2016, defendant attempted to purchase a gun in Oregon. He completed a background check form. The form asked whether the applicant had ever been convicted of a felony, and the instructions explained that a person should answer "no" if the conviction had been expunged. Defendant answered "no" to the question, believing that his California conviction had been expunged. In fact, defendant's conviction had not been expunged. Defendant's background check was rejected.

Defendant was charged with providing false information in connection with the transfer of a firearm and the misdemeanor offense of attempted unlawful possession of a firearm under ORS 166.250, which provides, in part:

"(1)   Except as otherwise provided in this section or ORS 166.260, 166.270, 166.273, 166.274, 166.291, 166.292 or 166.410 to 166.470, a person commits the crime of unlawful possession of a firearm if the person knowingly:

"* * * * *

"(c)   Possesses a firearm and:

"* * * * *

"(C)   Has been convicted of a felony."

ORS 166.260(1) lists the persons to whom ORS 166.250 does not apply; defendant would not be among them.[1] ORS 166.260(4) further states that the exceptions listed in ORS 166.260(1) "constitute affirmative defenses to a charge of violating ORS 166.250."

ORS 166.270 describes the felony offense of felon in possession of a firearm:

"(1)  Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm.

"* * * * *

---

[1] Those who are exempt from ORS 166.260(1) are:

"(a) A parole and probation officer, police officer or reserve officer, as those terms are defined in ORS 181A.355.

"(b) A federal officer, as defined in ORS 133.005, or a certified reserve officer or corrections officer, as those terms are defined in ORS 181A.355, while the federal officer, certified reserve officer or corrections officer is acting within the scope of employment.

"(c) An honorably retired law enforcement officer, unless the person who is a retired law enforcement officer has been convicted of an offense that would make the person ineligible to obtain a concealed handgun license under ORS 166.291 and 166.292.

"(d) Any person summoned by an officer described in paragraph (a) or (b) of this subsection to assist in making arrests or preserving the peace, while the summoned person is engaged in assisting the officer.

"(e) The possession or transportation by any merchant of unloaded firearms as merchandise.

"(f) Active or reserve members of:

"(A) The Army, Navy, Air Force, Coast Guard or Marine Corps of the United States, or of the National Guard, when on duty;

"(B) The commissioned corps of the National Oceanic and Atmospheric Administration; or

"(C) The Public Health Service of the United States Department of Health and Human Services, when detailed by proper authority for duty with the Army or Navy of the United States.

"(g) Organizations which are by law authorized to purchase or receive weapons described in ORS 166.250 from the United States, or from this state.

"(h) Duly authorized military or civil organizations while parading, or the members thereof when going to and from the places of meeting of their organization.

"(i) A person who is licensed under ORS 166.291 and 166.292 to carry a concealed handgun."

"(4)    Subsection (1) of this section does not apply to any person who has been:

"(a)    Convicted of only one felony under the law of this state or any other state, or who has been convicted of only one felony under the laws of the United States, which felony did not involve criminal homicide, as defined in ORS 163.005, or the possession or use of a firearm or a weapon having a blade that projects or swings into position by force of a spring or by centrifugal force, and who has been discharged from imprisonment, parole or probation for said offense for a period of 15 years prior to the date of alleged violation of subsection (1) of this section[.]"

In his motion *in limine*, defendant argued that ORS 166.270(4) provides an affirmative defense to the misdemeanor charge of attempted unlawful possession under ORS 166.250. He asked for the court's permission to present evidence to the jury that defendant had finished serving a probationary sentence on his only felony conviction more than 15 years before the date on which he sought to purchase a gun and that his felony conviction did not involve criminal homicide or the use of a weapon. The court rejected defendant's request, concluding that ORS 166.270(4) does not state an exception or provide an affirmative defense to a charge under ORS 166.250, because ORS 166.260 states the exclusive affirmative defenses to ORS 166.250. On appeal, defendant assigns error to that ruling.

We review the trial court's ruling for errors of law, *State v. Bernhardt*, 277 Or App 868, 869, 376 P3d 316, *rev den*, 360 Or 237 (2016), and conclude, for reasons different from the trial court, that the court did not err.

The offense described in ORS 166.250 is a Class C misdemeanor that prohibits the knowing possession of a firearm by a person with a felony conviction. The offense described in ORS 166.270 is a Class C felony that prohibits not only the possession, but the ownership, custody, or control of a firearm by a person with a felony conviction. ORS 166.270(4) states an affirmative defense to the felony offense described in ORS 166.270. That affirmative defense explicitly applies only to the felony offense described in ORS 166.270(1), and there is no similar provision with respect to the misdemeanor offense of unlawful possession of a weapon

set forth in ORS 166.250. If the legislature had intended to provide the same affirmative defense for the misdemeanor, or, had intended that ORS 166.270(4) also be applicable to ORS 166.250, it could have stated so explicitly, but it did not.[2]

In support of his contention that the affirmative defense described in ORS 166.270(4) should nonetheless apply to ORS 166.250, defendant relies on the opening proviso of ORS 166.250(1), which states that the unlawful possession charge arises from the circumstances described in ORS 166.250, "[e]xcept as otherwise provided in this section or ORS 166.260, *166.270*, 166.274, 166.291, 166.292 or 166.410 to 166.470[.]" (Emphasis added.) In defendant's view, the significance of the proviso's reference to ORS 166.270 is that the affirmative defense described ORS 166.270(4) "provides otherwise" and applies to a charge under ORS 166.250.

Defendant is mistaken. The opening proviso of ORS 166.250 simply preserves the viability of statutes that include provisions different from ORS 166.250. *See Webster's Third New Int'l Dictionary* 1598 (unabridged ed 2002) ("otherwise" means "in a different way or manner : DIFFERENTLY"). For example, under ORS 166.291, cited in the proviso, a person who has been convicted of a felony may not obtain a license to carry a concealed weapon. ORS 166.291(1)(g). But ORS 166.291(2) provides that a person who has "had the person's record expunged under the laws of this state or equivalent laws of other jurisdictions is not subject to the disabilities in [ORS 166.291(1)(g)]." In the absence of the opening proviso of ORS 166.250, a person who has been convicted of a felony but who has had the conviction expunged could obtain a concealed carry license but would nonetheless face criminal liability under ORS 166.250(1)(c) for possessing a firearm.

---

[2] As previously noted, ORS 166.260(4) states that the exceptions listed in ORS 166.260(1) "constitute affirmative defenses to a charge of violating ORS 166.250." Defendant does not fit within any of those exceptions. Additionally, ORS 166.260(2) provides an affirmative defense to a misdemeanor charge under ORS 166.250(1)(c)(C) when a person "has been granted relief from the disability under ORS 166.274." ORS 166.274 provides, in turn, that a person who is barred from possessing a firearm may seek relief by filing a petition demonstrating "by clear and convincing evidence, that the petitioner does not pose a threat to the safety of the public or the petitioner." Defendant did not assert that he met the requirements for that affirmative defense.

As applied here, the opening proviso means that when a person commits the offense of unlawful possession of a firearm, ORS 166.250 is applicable, except when that person is charged under ORS 166.270. There is no plausible construction of the proviso or the statute's context that would incorporate into ORS 166.250 the affirmative defense to felon in possession of a firearm described in ORS 166.270(4). We have reviewed the legislative history cited by the parties and it does not alter our conclusion.

We conclude that the trial court was correct that ORS 166.270(4) is not an affirmative defense to unlawful possession of a firearm. In other words, a person with a felony conviction that has not been expunged is not permitted to possess a firearm in Oregon. And a person who may have an affirmative defense under ORS 166.270(4) to a felony charge of felon in possession of a firearm may nonetheless be charged with the misdemeanor offense of unlawful possession of a firearm under ORS 166.250. And, as noted, a person who is charged under ORS 166.250 has affirmative defenses under ORS 166.260(2) and (4). The trial court did not err in denying defendant's motion *in limine*.

Affirmed.