Argued and submitted November 9, 2021, resubmitted January 25; decision of
Court of Appeals and judgment of circuit court affirmed October 20, 2022

STATE OF OREGON,
*Respondent on Review,*

*v.*

MICHAEL GARRETT BURRIS,
*Petitioner on Review.*

(CC 16CR75916) (CA A164853) (SC S068514)

518 P3d 891

Defendant failed to disclose a prior felony conviction while trying to purchase
a firearm. He was convicted of attempting to violate the misdemeanor offense
of unlawful possession of a firearm, under ORS 166.250(1)(c)(C). Defendant had
argued that he fell within an exception to the misdemeanor offense derived from
the felony offense of felon in possession of a firearm, under ORS 166.270(1). The
felony offense includes an exception for certain persons discharged from imprison-
ment, parole, or probation at least 15 years earlier. ORS 166.270(4)(a). The stat-
ute defining the misdemeanor offense does not include a similar exception, but it
begins with a prefatory clause that cross-references other statutes, including the
statute defining the felony offense; specifically, it begins with the clause: "Except
as otherwise provided in *** [ORS] 166.270 ***." ORS 166.250(1). *Held*: The mis-
demeanor offense of unlawful possession of a firearm, under ORS 166.250, does
not incorporate the 15-year exception that applies to the felony offense of felon in
possession of a firearm, under ORS 166.270.

The decision of the Court of Appeals and the judgment of the circuit court
are affirmed.

On review from the Court of Appeals.*

Sarah De La Cruz, Deputy Public Defender, Salem, argued
the cause and filed the briefs for petitioner on review. Also
on the briefs was Ernest G. Lannet, Chief Defender, Office
of Public Defense Services.

Jonathan N. Schildt, Assistant Attorney General, Salem,
argued the cause and filed the brief for respondent on
review. Also on the brief were Ellen F. Rosenblum, Attorney
General, and Benjamin Gutman, Solicitor General.

Before Walters, Chief Justice, and Balmer, Flynn, Duncan,
Nelson, Garrett, and DeHoog, Justices.**

_____

* Appeal from Washington County Circuit Court, Beth L. Roberts, Judge.
309 Or App 167, 481 P3d 319 (2021).

** Nakamoto, J., retired December 31, 2021, and did not participate in the
decision of this case.

DUNCAN, J.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

**DUNCAN, J.**

In this criminal case, we are asked to determine the legal effect, if any, of a cross-reference between two statutes that criminalize the same conduct: possession of a firearm by a person previously convicted of a felony. The first statute, ORS 166.270, defines the felony offense of felon in possession of a firearm. The second statute, ORS 166.250, defines the misdemeanor offense of unlawful possession of a firearm. The statute defining the felony offense includes an exception for certain persons discharged from imprisonment, parole, or probation at least 15 years earlier. ORS 166.270(4)(a). The statute defining the misdemeanor offense does not include a similar exception, but it begins with a prefatory clause that cross-references other statutes, including the statute defining the felony offense; specifically, it begins with the clause: "Except as otherwise provided in *** [ORS] 166.270 ***." ORS 166.250(1). The question is whether the 15-year exception to the felony offense also applies to the misdemeanor offense through the latter's prefatory clause.

Defendant was convicted of attempting to commit the misdemeanor offense. He argues that the 15-year exception to the felony offense applies equally to the misdemeanor offense; he bases that argument on the misdemeanor offense's prefatory clause's reference to ORS 166.270, which defines the felony offense. The state argues otherwise; it contends that the prefatory clause's reference to ORS 166.270 has no legal effect because, by its terms, the 15-year exception to the felony offense applies only to the felony offense and therefore does not create an exception to the misdemeanor offense.

We agree with the state. Although we usually start with the assumption that the legislature intended to give legal effect to all the words of a statute, the historical development of the statutes at issue in this case negates that assumption. As we will explain, an examination of the evolution of the two statutes shows that the prefatory clause's reference to ORS 166.270 is not evidence that the legislature intended the exception to the felony offense to also apply to the misdemeanor offense. Rather, it is an artifact of the conversion to the Oregon Revised Statutes that had no legal

effect for decades before the legislature amended the misdemeanor offense in 1989 to prohibit a felon from possessing a firearm. There is nothing suggesting that, in making that amendment, the legislature intended to give new legal effect to the prefatory clause. And reading the prefatory clause as defendant suggests would create unintended conflicts within the statutory scheme enacted by the legislature at that time. We therefore reject defendant's argument and affirm the judgment of the trial court and the decision of the Court of Appeals.

## I.  BACKGROUND

In 1996, defendant was convicted of a felony in California. In 2016, defendant attempted to purchase a firearm from a store in Oregon. The store clerk asked defendant to complete a background check form that asked, among other things, whether he had ever been convicted of a felony. Defendant answered "no." His application to purchase the firearm was denied. Defendant later told an investigating officer that he had answered "no" because he incorrectly had thought that his 1996 felony conviction had been reduced to a misdemeanor or expunged. The state charged defendant with attempted unlawful possession of a firearm under ORS 166.250(1)(c)(C), which generally prohibits a person who has been convicted of a felony from possessing a firearm, and ORS 161.405(1), which criminalizes attempts to commit crimes.[1]

Defendant argued before trial that the statute defining the misdemeanor offense of unlawful possession of a firearm, ORS 166.250(1), incorporates exceptions to the felony offense of felon in possession of a firearm found in ORS 166.270. Defendant grounded that argument on the prefatory clause to ORS 166.250(1), which provides, "Except as otherwise provided in *** [ORS] 166.270 ***." Based on that clause, defendant moved to present evidence that he fell within an exception to ORS 166.270—specifically, the exception set out in ORS 166.270(4)(a), which applies to persons with a single felony conviction (which did not involve

---

[1] Defendant was also charged with, and found guilty of, providing false information in connection with the transfer of a firearm. ORS 166.416. Defendant does not present independent grounds for challenging that conviction.

criminal homicide or certain weapons) who have been discharged from imprisonment, parole, or probation for that offense for more than 15 years. ORS 166.270(4)(a). The trial court rejected defendant's argument that the misdemeanor offense defined in ORS 166.250(1) incorporates the exceptions to the felony offense in ORS 166.270 and denied his motion. A jury found defendant guilty of attempted unlawful possession of a firearm.

Defendant appealed his conviction and assigned error to the trial court's decision to preclude evidence that he fell within an exception to ORS 166.270. The Court of Appeals rejected defendant's argument that the prefatory clause in ORS 166.250(1) incorporates exceptions to ORS 166.270. *State v. Burris*, 309 Or App 167, 481 P3d 319 (2021). According to the court, the prefatory clause in ORS 166.250(1) "simply preserves the viability of statutes that include provisions different from ORS 166.250." *Id.* at 171. The court concluded that the inclusion of ORS 166.270 in the list of exceptions to ORS 166.250 "means that[,] when a person commits the offense of unlawful possession of a firearm, ORS 166.250 is applicable, except when that person is charged under ORS 166.270." *Id.* at 172. As a result, the Court of Appeals affirmed the trial court's ruling. *Id.* Defendant petitioned this court for review, which we granted. *State v. Burris*, 368 Or 347, 489 P3d 540 (2021).

## II.   ANALYSIS

Defendant maintains that ORS 166.250(1), which defines the offense of unlawful possession of a firearm, incorporates the exceptions to ORS 166.270(1), which defines the offense of felon in possession of a firearm. Whether ORS 166.250(1) incorporates the exceptions in ORS 166.270 is a question of statutory construction. When interpreting a statute, our task is to discern the legislature's intent. ORS 174.020(1)(a). To do so, we consider the text and context of the statute, as well as any helpful legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

### A.   *The Statutes*

ORS 166.250 defines the offense of unlawful possession of a firearm. It provides, "Except as otherwise provided

in this section or ORS 166.260, 166.270, 166.273, 166.274, 166.291, 166.292 or 166.410 to 166.470, a person commits the crime of unlawful possession of a firearm" if the person: (1) carries any firearm concealed upon the person; (2) possesses a handgun that is concealed and readily accessible to the person within any vehicle; or (3) possesses a firearm and falls within one of several different categories, including persons who have been convicted of a felony.[2]

For its part, ORS 166.270 defines two crimes: felon in possession of a firearm, ORS 166.270(1), and felon in possession of a restricted weapon, ORS 166.270(2). Only ORS 166.270(1) is relevant in this case, and it provides:

"Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession

_____

[2] In its entirety, ORS 166.250(1) provides:

"(1) Except as otherwise provided in this section or ORS 166.260, 166.270, 166.273, 166.274, 166.291, 166.292 or 166.410 to 166.470, a person commits the crime of unlawful possession of a firearm if the person knowingly:

"(a) Carries any firearm concealed upon the person;

"(b) Possesses a handgun that is concealed and readily accessible to the person within any vehicle; or

"(c) Possesses a firearm and:

"(A) Is under 18 years of age;

"(B)(i) While a minor, was found to be within the jurisdiction of the juvenile court for having committed an act which, if committed by an adult, would constitute a felony or a misdemeanor involving violence, as defined in ORS 166.470; and

"(ii) Was discharged from the jurisdiction of the juvenile court within four years prior to being charged under this section;

"(C) Has been convicted of a felony;

"(D) Was committed to the Oregon Health Authority under ORS 426.130;

"(E) Was found to be a person with mental illness and subject to an order under ORS 426.130 that the person be prohibited from purchasing or possessing a firearm as a result of that mental illness;

"(F) Is presently subject to an order under ORS 426.133 prohibiting the person from purchasing or possessing a firearm;

"(G) Has been found guilty except for insanity under ORS 161.295 of a felony; or

"(H) The possession of the firearm by the person is prohibited under ORS 166.255."

or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."

ORS 166.270 includes exceptions to ORS 166.270(1). Those exceptions are set out at ORS 166.270(4) and include the exception at issue in this case for certain felons who completed their sentences more than 15 years ago:

"(4)   Subsection (1) of this section does not apply to any person who has been:

"(a)   Convicted of only one felony under the law of this state or any other state, or who has been convicted of only one felony under the laws of the United States, which felony did not involve criminal homicide, as defined in ORS 163.005, or the possession or use of a firearm or a weapon having a blade that projects or swings into position by force of a spring or by centrifugal force, and who has been discharged from imprisonment, parole or probation for said offense for a period of 15 years prior to the date of alleged violation of subsection (1) of this section[.]"

Although both unlawful possession of a firearm under ORS 166.250(1)(c)(C) and felon in possession of firearm under ORS 166.270(1) prohibit felons from possessing firearms, they carry different penalties. Unlawful possession of a firearm under ORS 166.250(1) is a Class A misdemeanor, while felon in possession of firearm under ORS 166.270(1) is a Class C felony. ORS 166.250(5); ORS 166.270(5).

B.   *The Parties' Arguments*

In most cases involving statutory construction, the parties' dispute centers around how to give legal effect to the words contained in a statute. In this case, however, the parties' dispute centers around *whether* to give legal effect to the words of a statute—specifically, whether the inclusion of ORS 166.270 in ORS 166.250(1)'s prefatory clause operates as a limit on the prohibitions in ORS 166.250.

The parties agree that the legal effect of the prefatory clause—"Except as otherwise provided in"—is to indicate that, where they conflict, the cross-referenced provisions prevail over the prohibitions in ORS 166.250(1). Generally, a cross-referenced provision conflicts with the prohibitions in ORS 166.250(1) either if it authorizes conduct that would

be otherwise prohibited by ORS 166.250(1) or if it limits the prohibitions in ORS 166.250(1).

That understanding of "Except as otherwise provided in" is consistent with its most common usage and demonstrated by the provisions cross-referenced in the prefatory clause, other than ORS 166.270. For example, the prefatory clause cross-references some provisions that authorize conduct that would be otherwise prohibited by ORS 166.250(1), such as ORS 166.291 and ORS 166.292, which authorize a license holder to carry a concealed handgun. The prefatory clause also references ORS 166.273 and ORS 166.274, which provide opportunities for individuals to petition for relief from certain bars on possessing a firearm contained in ORS 166.250(1)(c). ORS 166.273(1)(a); ORS 166.274(1)(a).

Other provisions cross-referenced in the prefatory clause limit the prohibitions in ORS 166.250(1). For example, the prefatory clause references ORS 166.260, which contains a list of individuals to whom the prohibitions in ORS 166.250 do not apply. And the prefatory clause references a statutory series—ORS 166.410 to 166.470—containing ORS 166.460, which provides that, subject to exceptions, ORS 166.250 does not apply to "antique firearms." ORS 166.460(1). Finally, the prefatory clause refers to other parts of ORS 166.250, which limit the prohibitions in subsection (1) as they apply to minors and to people within their place of residence or place of business. *See* ORS 166.250(2)(a)-(b) (describing limits).[3]

---

[3] One of those limits refers to ORS 166.270. Specifically, ORS 166.250(2)(b) treats a person's home or place of business as a limited safe harbor from the unlawful possession prohibitions in ORS 166.250(1). However, people "within the excepted classes proscribed by ORS 166.270 and subsection (1) of this section" may not take advantage of that safe harbor and, thus, may violate ORS 166.250(1) based on conduct that occurred within the person's home or business. ORS 166.250(2)(b). A version of that provision appears in the original act from 1925, which is described further below. General Laws of Oregon 1925, ch 260, § 5.

According to defendant, the reference to ORS 166.270 in that safe harbor provision demonstrates that ORS 166.270 and its predecessors have long operated as limits on ORS 166.250 and its predecessors. But defendant's reliance on that safe harbor provision is misplaced. In attempting to interpret the inclusion of ORS 166.270 in the prefatory clause to ORS 166.250(1), this case requires determining whether ORS 166.270 operates as a limit on the prohibitions in ORS 166.250(1). The reference to ORS 166.270 in ORS 166.250(2)(b)'s safe harbor provision does

Although the parties agree that the legal effect of the prefatory clause is to resolve conflicts between the prohibitions in ORS 166.250(1) and the cross-referenced provisions, the parties disagree about whether the inclusion of ORS 166.270 among the cross-referenced provisions suggests that the legislature intended ORS 166.270 to be interpreted as conflicting with ORS 166.250(1).

That question arises in this case because, unlike the other cross-referenced provisions, ORS 166.270 does not clearly conflict with the prohibitions in ORS 166.250(1). The two provisions can be reconciled without resorting to the prefatory clause. The 15-year exception in ORS 166.270 (4)(a) is not a general authorization to possess firearms. It does not provide that, after 15 years, a qualifying felon is no longer subject to *any* limits on gun possession and ownership imposed based on a person's felony status. Instead, by its terms, ORS 166.*270(4)(a)* creates an exception only to ORS 166.*270(1)*; that is, ORS 166.*270(4)(a)* provides, "*Subsection (1)* of this section does not apply" to certain persons. (Emphasis added.) To be sure, if the only prohibition on felons possessing firearms was contained in ORS 166.270(1), then the effect of ORS 166.270(4)(a) would be to authorize qualified individuals to possess firearms. But ORS 166.250(1)(c)(C) separately prohibits felons from possessing firearms. And the exception in ORS 166.270(4)(a) refers only to ORS 166.270(1); it does not refer to, or have any necessary implications for, the prohibition in ORS 166.250(1)(c)(C).

Defendant, however, argues that the inclusion of ORS 166.270 in the prefatory clause must have been intended to limit the prohibitions in ORS 166.250(1), otherwise ORS 166.270 would not have been included in the prefatory clause at all. *See Crystal Communications, Inc. v. Dept. of Rev.*, 353 Or 300, 311, 297 P3d 1256 (2013) (identifying the "general rule" that "we construe a statute in a manner that gives effect, if possible, to all its provisions"); ORS 174.010 ("In

---

not inform that question. Rather, the safe harbor provision limits the prohibitions in ORS 166.250(1), and ORS 166.270 limits the safe harbor provision. But the reference to ORS 166.270 in the safe harbor provision does not limit the prohibitions in ORS 166.250(1). Thus, the reference to ORS 166.270 in the safe harbor provision neither explains nor is relevant to the inclusion of ORS 166.270 in the prefatory clause to ORS 166.250(1).

the construction of a statute, the office of the judge is \*\*\*
not to \*\*\* omit what has been inserted[.]"). And the only
way to read ORS 166.270 as a limit on the prohibitions in
ORS 166.250(1) is to read the prefatory clause as incorpo-
rating the exceptions from ORS 166.270. According to defen-
dant, where ORS 166.250(1) provides that it is illegal for a
felon to possess a firearm "[e]xcept as otherwise provided in
\*\*\* [ORS] 166.270," the reference to ORS 166.270 serves to
incorporate the exceptions to the same prohibited conduct in
ORS 166.250(1)(c)(C).

The state does not offer a better interpretation of
the prefatory clause that gives effect to the inclusion of ORS
166.270. Instead, the state argues that the inclusion of ORS
166.270 in the prefatory clause need not be given legal effect.
According to the state, we should not assume that every pro-
vision identified in the prefatory clause conflicts with the
prohibitions in ORS 166.250(1). For example, the state notes
that, although the prefatory clause refers to the series ORS
"166.410 to 166.470," not every statute within that series
limits the prohibitions in ORS 166.250(1). *See, e.g.*, ORS
166.434 (describing the Department of State Police's duties
in conducting criminal background checks).

There are, however, innumerable statutes that *do
not* conflict with the prohibitions in ORS 166.250(1). The state
offers no explanation for why ORS 166.270 was expressly
identified in the prefatory clause to ORS 166.250(1), while
other statutes were not. Further, the prefatory clause's ref-
erence to the series ORS "166.410 to 166.470" is given effect
if some provision within the series limits the prohibitions in
ORS 166.250(1)—such as ORS 166.460, which limits how
the prohibitions apply to antique firearms—even if not all
the statutes within the series contain a limit. Thus, fail-
ing to interpret ORS 166.270 as limiting the prohibitions in
ORS 166.250(1) raises a risk of surplusage in the prefatory
clause that does not arise from failing to read each statute
within a referenced series as limiting the prohibitions in
ORS 166.250(1).

C.   *Reconciling ORS 166.250(1)(c)(C) and ORS 166.270(1)*

The difficulty in this case, therefore, is that we have
two statutes that do not fit easily together. On the one hand,

the prohibitions in ORS 166.250(1) are limited by a prefatory clause that provides, "Except as otherwise provided in * * * [ORS] 166.270," but, on the other hand, ORS 166.270 does not clearly provide otherwise. Reconciling those statutes requires tracing their historical development. In their current form, those statutes are the result of numerous legislative enactments going back almost 100 years. Our inquiry into legislative intent must consider the intent behind each enactment that affects the meaning or context of the disputed terms. *See State v. Swanson*, 351 Or 286, 290, 266 P3d 45 (2011) (explaining that the proper inquiry for statutory construction focuses on "the intent of the legislature that enacted the statute," although "we also consider any later amendments or statutory changes that were intended by the legislature to modify or otherwise alter the meaning of the original terms of the statute").

    1.   *The prefatory clause's express identification of ORS 166.270*

Tracing the historical development of the statutes demonstrates that, at the time the cross-reference to ORS 166.270 was added to ORS 166.250(1)'s prefatory clause, it had no legal effect. Instead, it was added by Legislative Counsel as an artifact of the legislature's conversion from the Oregon Compiled Laws Annotated (OCLA) to the Oregon Revised Statutes (ORS) in 1953. Thus, contrary to defendant's presumption, the express identification of ORS 166.270 in ORS 166.250(1)'s prefatory clause is not, by itself, evidence of legislative intent to treat ORS 166.270 as a limit on the prohibitions in ORS 166.250(1).

    a.   Enactment in 1925

The provisions that would become ORS 166.250 and ORS 166.270 were enacted by the legislature in 1925 as part of a bill that comprehensively regulated the use, sale, manufacture, and possession of handguns and other concealable firearms. General Laws of Oregon 1925, ch 260. The provision that would become ORS 166.270 was found in section 2 of that act. But unlike the current version of ORS 166.270, section 2 did not prohibit persons who had previously been convicted of a felony from owning or possessing all firearms; it prohibited them only from owning or possessing

concealable firearms.[4] And unlike the current version of
ORS 166.270, section 2 did not contain any exceptions, like
the 15-year exception at issue in this case. Violation of sec-
tion 2 was punishable by at least one year, but not more
than five years, of imprisonment.

The provision that would become ORS 166.250 was
found in section 5 of that act. Section 5 prohibited all per-
sons from carrying a concealed handgun, or other conceal-
able firearm, without a license to do so. Unlike the current
version of ORS 166.250(1)(c), section 5 did not list catego-
ries of individuals, such as felons, who were prohibited from
possessing a handgun or firearm. And unlike the current
version of ORS 166.250(1), section 5's prefatory clause did
not list specific statutes limiting that prohibited conduct.
Instead, the prefatory clause provided, "Except as otherwise
provided in *this act*," without indicating which other provi-
sions of the act might contain exceptions to the conduct pro-
hibited in section 5.[5] General Laws of Oregon 1925, ch 260,
§ 5 (emphasis added). Although section 2 (the predecessor
to ORS 166.270) was part of that act, there was no way to
read the original prefatory clause as referring to section 2,
which did not limit the prohibitions in section 5. That orig-
inal act, however, contained other provisions limiting the
prohibitions in section 5, which would fall within that orig-
inal prefatory clause.[6] Violation of section 5 was generally
a misdemeanor, although it could be elevated to a felony
depending on a person's criminal history.

---

[4] Section 2 also prohibited an "unnaturalized foreign-born person" from
owning or possessing a handgun or other concealable firearm. General Laws of
Oregon 1925, ch 260, § 2. That prohibition remained the law until 1975. Or Laws
1975, ch 702, § 1.

[5] Section 5 relevantly provided,

"Except as otherwise provided in this act, it shall be unlawful for any
person within this state to carry concealed upon his person or within any
vehicle which is under his control or direction any pistol, revolver or other
firearm capable of being concealed upon the person without having a license
to carry such firearm, as hereinafter provided in section 8 hereof [providing
for concealed carry licenses]."

General Laws of Oregon 1925, ch 260, § 5.

[6] Many of those limiting provisions appear, in one form or another, in current
law. *See* General Laws of Oregon 1925, ch 260, § 5 (containing the predecessor to
ORS 166.250(2)); General Laws of Oregon 1925, ch 260, § 6 (containing the pre-
decessor to ORS 166.260); General Laws of Oregon 1925, ch 260, § 15 (containing
the predecessor to ORS 166.460).

Thus, the relationship between section 2 and section 5 of the original act—the predecessors to ORS 166.270 and ORS 166.250(1)—presented none of the potential entanglements that give rise to defendant's argument under the current versions of those laws: the prefatory clause to section 5 did not refer to section 2, either expressly or impliedly; section 2 and section 5 did not prohibit the same conduct; and section 2 contained no exceptions to the prohibition on felons possessing handguns.

    b.   Conversion to the Oregon Revised Statutes in 1953

That was largely the state of the law when the legislature converted to the Oregon Revised Statutes in 1953.[7] The legislature did so by repealing existing laws and reenacting them, in a revised and reorganized form, as the ORS. Or Laws 1953, ch 3, §§ 1-2. The revision and reorganization necessary to create the ORS were intended to make the law clearer and to make the compilation of law easier to use. *See* Charles G. Howard, *The Oregon Revised Statutes*, 33 Or L Rev 58, 59 (1953) ("Not only does the revision restate the law so it is clear and explicit; it also classifies and arranges the law so it can be readily located."). Changes made to the law as part of the conversion were not intended to be substantive. *See Eckles v. State of Oregon*, 306 Or 380, 393 n 13, 760 P2d 846 (1988) ("Oregon Laws 1953, chapter 3, repealed laws then in existence and reenacted them as the 'Oregon Revised Statutes.' Although textual changes were made, no substantive changes in the laws were intended.").

The conversion to the ORS affected the statutes at issue in this case in two ways. First, the legislature assigned ORS numbers to the statutes that originated from the 1925 enactment described above. The prohibition on the possession of a concealable firearm by a felon was codified as ORS 166.270 (1953), while the prohibition on the unlicensed carrying of a concealed firearm was codified as ORS 166.250(1) (1953).

---

[7] Prior to the conversion to the ORS, the relevant statutes were amended in 1933 to address the possession of machine guns. Or Laws 1933, ch 315, §§ 2, 3; *see also* Or Laws 1941, ch 330, § 1 (reenacting a section of the 1933 act to remedy an apparent title defect). The regulation of machine guns was moved to its own statute in 1989. Or Laws 1989, ch 839, § 13a, *codified as* ORS 166.272.

Second, the legislature amended the prefatory clause that appeared in ORS 166.250(1). Whereas the prefatory clause had previously provided, "Except as otherwise provided in *this act*," the revised prefatory clause replaced the word "act" with the new ORS numbers assigned to all the substantive provisions that originated from the 1925 act. *See Legislative History, Reviser's Notes and Annotations for Chapters 1 to 170 of the Oregon Revised Statutes* 1075 (1953) ("All of the sections of [General Laws of Oregon] 1925 c. 260 have been substituted for the word act in OCLA(s) 25-115[.]").[8] The revised prefatory clause appearing in ORS 166.250(1) (1953) provided, "Except as otherwise provided in this section, ORS 166.230, 166.260 to 166.290, or 166.410 to 166.470[.]"

Thus, the statutes identified in the revised prefatory clause were chosen not because the legislature thought or intended that each cross-referenced statute limited the prohibitions in ORS 166.250(1). Rather, the prefatory clause cross-referenced those statutes because they had originated from the 1925 act, and cross-referencing them was needed to maintain substantive continuity with the law as it existed prior to the conversion to ORS.

c.  Legislative Counsel's modification in 1959

Defendant's argument in this case relies on the fact that ORS 166.270 is identified expressly in the prefatory clause, and not merely as part of a series, as it was in the first version of the ORS. *See former* ORS 166.250(1) (1953) (referring to "[ORS] 166.260 to 166.290"). The prefatory clause first expressly identified ORS 166.270 in the 1959 version of ORS 166.250(1), where the prefatory clause provided, "Except as otherwise provided in this section, ORS 166.230, 166.260, 166.270, 166.280, 166.290, or 166.410 to 166.470[.]"

That change, however, was not made by legislative enactment. No legislative enactment from 1953 to 1959 amended either ORS 166.250 or ORS 166.270. Instead, the change appears to have been made by Legislative Counsel

---

[8] Prior to the ORS, the statute that originated as section 5 from the 1925 act was first codified as Oregon Code 72-205 (1930) and then later as OCLA 25-115 (1939).

under its authority to assign ORS numbers to enacted laws and to ensure the accuracy of cross-referenced provisions. *See former* ORS 173.160 (1959) (providing Legislative Counsel with authority to "change reference numbers to agree with renumbered chapters, sections or other parts [and] substitute the proper subsection, section or chapter or other division number").

By replacing the series reference "166.260 to 166.290" with references to individual statutes "166.260, 166.270, 166.280, [and] 166.290," the 1959 prefatory clause excluded one statute that would have otherwise been included: ORS 166.275, prohibiting inmates from possessing weapons. The legislature had enacted that provision in 1953, separate from the conversion to the ORS. Or Laws 1953, ch 533, § 1. The legislature, however, did not specify that that provision should be added to and made part of any particular chapter, section, or series. The decision to assign that provision the number ORS 166.275 was made by Legislative Counsel. That decision meant that the series reference to "166.260 to 166.290" in the prefatory clause to ORS 166.250(1) could be read as including a statute that did not originate from the 1925 act and had not otherwise been identified by the legislature for inclusion in ORS 166.250(1)'s prefatory clause.

Legislative Counsel's modification to the prefatory clause in 1959 appears intended to correct that.[9] Although Legislative Counsel did not expressly identify each change

---

[9] The same change was made in a different sentence in ORS 166.250(1). Prior to the conversion to the ORS, violating the prohibitions on unlawful concealed carry and unlawful possession in a vehicle was generally a misdemeanor, except that it was a felony if committed by a person previously convicted of a felony or "any crime made punishable by this act." OCLA § 25-115 (1939); General Laws of Oregon 1925, ch 260, § 5. The 1953 ORS made that crime a felony if committed by a person previously convicted of a felony or "any crime made punishable by this section, ORS 166.230, 166.260 to 166.290 or 166.410 to 166.470." *Former* ORS 166.250(1) (1953). Without legislative enactment, the 1959 ORS replaced the reference to "166.260 to 166.290" to exclude ORS 166.275 by referring instead to "166.260, 166.270, 166.280, 166.290 or 166.410 to 166.470." *Former* ORS 166.250(1) (1959).

In 1985, the legislature amended ORS 166.250 to eliminate that sentencing enhancement. Or Laws 1985, ch 543, §§ 3(1)(c), (4). Following the 1985 amendment, all violations of ORS 166.250(1) are Class A misdemeanors. ORS 166.250(5).

that it made to enacted laws during the compilation of the ORS in 1959, Legislative Counsel nevertheless described the types of changes that it made. *Oregon Revised Statutes*, Preface, v-vi (1959). Those types of changes included correcting series references to account for new laws that were assigned ORS numbers within that series, if the legislature had not provided that the new laws should be "added to and made part of" the series:

> "[S]uch alterations [to unamended ORS sections] were also made when new session law sections were classified and assigned ORS numbers within the series but were not, by law, 'added to and made a part of' the series. Thus 'ORS 657.150 to 657.215' was changed to 'ORS 657.150 to 657.176 and 657.190 to 657.215' in the 1959 Replacement Part because section 4, chapter 643, Oregon Laws 1959 (which was not added to and made a part of 'ORS 657.150 to 657.215') was assigned the ORS number '657.178.' "

*Id.* at vi.[10]

---

[10] A similar dynamic arises in the briefing of this case. As noted above, the prefatory clause in ORS 166.250(1) refers to the series ORS "166.410 to 166.470," and the state argues that not every statute within that series contains an exception to the prohibitions in ORS 166.250(1). In making that point, the state cites ORS 166.414, ORS 166.416, and ORS 166.421 as examples, among others.

Those statutes, however, are not part of the series ORS "166.410 to 166.470" referred to in the prefatory clause in ORS 166.250(1). Generally, Legislative Counsel assigns ORS numbers to enacted laws. Without direction from the legislature, Legislative Counsel cannot create an exception to ORS 166.250(1) by assigning an enacted law an ORS number that falls within the series cited in its prefatory clause. A statute has the effect of falling within a series only if the legislature says that it falls within the series. In the published ORS, those statutes cited by the state each refer to a note that says, "ORS 166.412 to 166.421 were enacted into law by the Legislative Assembly but were not added to or made a part of ORS chapter 166 or any series therein by legislative action." Note to ORS 166.412; *see also* notes to ORS 166.414, 166.416, and 166.421 (referring to note to ORS 166.412).

The note then provides that further explanation may be found in the Preface to the Oregon Revised Statutes. The Preface provides,

> "Notes may indicate that a particular ORS section was not added to and made a part of the ORS chapter or series in which the section appears. These notes mean that the placement of the section was editorial and not by legislative action. Notes also are used when the series references are either too numerous or too complex to bear further adjustment. However, the note does *not* mean that the section not added to a series or a chapter is any less the law. The note is intended *only* to remind the user that definitions, penalties and other references to the series should be examined carefully to determine whether they apply to the noted section."

*Oregon Revised Statutes*, Preface, viii (2021) (emphasis in original).

Thus, the decision to expressly identify ORS 166.270 in ORS 166.250(1)'s prefatory clause was made by Legislative Counsel to accurately reflect prior legislative enactments. And those prior enactments demonstrate no legislative intent that ORS 166.270 limit the prohibitions in ORS 166.250(1). At that time, it was not possible to read ORS 166.270 as limiting the prohibitions in ORS 166.250(1), because the former did not include any exceptions at all.

Establishing that the inclusion of ORS 166.270 in the prefatory clause originally had no legal effect has important implications. It means that we no longer start with our normal assumption that the legislature intended to give effect to all the words of a statute. And it means that we examine later amendments to the relevant statutes to determine whether the legislature intended the prefatory clause's reference to ORS 166.270 to have some legal effect within the amended statutory scheme or whether the legislature intended the reference to remain without legal effect. *See Swanson*, 351 Or at 290 (explaining that we "consider any later amendments or statutory changes that were intended by the legislature to modify or otherwise alter the meaning of the original terms of the statute").

2.   *Creation of the 15-year exception in ORS 166.270*

After the 1959 changes discussed above, the next relevant enactment took place in 1975, when the legislature amended ORS 166.270 to, among other things, create the exception at issue in this case. That amendment placed the prohibition on a felon possessing a concealable firearm in subsection (1) and added three new subsections. Or Laws 1975, ch 702, § 1. One of the new subsections, subsection (3), created an exception to the prohibition in subsection (1) for persons with only one prior felony, if that prior felony conviction did not involve the possession or use of weapons and if the person had been discharged from imprisonment, parole, or probation from that conviction more than 15 years earlier. Or Laws 1975, ch 702, § 1(3).

At that time, ORS 166.270 was the only statute that limited a person's firearm privileges based on that person's criminal record. So, by adopting that exception to ORS 166.270, the legislature created a mechanism for restoring

the firearm privileges of those who qualified—namely, people with only one prior felony conviction, if that prior felony conviction did not involve certain weapons. The restoration of firearm privileges would take effect by operation of law 15 years after the qualifying individual was discharged from imprisonment, parole, or probation resulting from that felony conviction.

The creation of that exception, however, did not give meaning to the inclusion of ORS 166.270 in the prefatory clause to the prohibitions in ORS 166.250(1), and did not otherwise affect the relationship between ORS 166.250(1) and ORS 166.270, which continued to independently impose their respective prohibitions. The legislative history of the 1975 amendment reveals no discussion indicating an intent that the exception to the prohibition in ORS 166.270(1), which prohibited felons from owning or possessing concealable firearms, would affect the prohibitions in ORS 166.250(1), which prohibited all persons from carrying a concealed firearm without a license. At the time, the prohibitions in ORS 166.250(1) were generally applicable and not based on a person's criminal record or status as a felon. The exception in ORS 166.270 did not create an exception to those generally applicable firearm prohibitions. Instead, excepting a felon from the firearm prohibitions in ORS 166.270 simply meant that the felon would be subject to the same generally applicable firearm restrictions in ORS 166.250(1) and not subject to the additional restrictions found in ORS 166.270.

3. *Amending ORS 166.250(1) to prohibit felon in possession*

The last relevant amendment came in 1989, when the legislature amended ORS 166.250(1) and ORS 166.270(1) to prohibit a felon from possessing any firearm, concealable or not. Or Laws 1989, ch 839, §§ 4(1), 13(1). Those amendments were part of a comprehensive gun control bill following a mass shooting at a school in California carried out with a gun purchased in Oregon. The bill was a compromise that, on the one hand, expanded prohibitions on firearm sales and possession, while, on the other hand, facilitated the issuance of concealed handgun permits and created new

avenues for relief from disabilities that would otherwise preclude firearm possession.

The 1989 changes to ORS 166.250(1) and ORS 166.270(1) were part of the legislative effort to expand the prohibitions on firearm possession. As described above, ORS 166.250(1) had prohibited the unlicensed concealed carrying, either on a person or readily accessible within a vehicle, of certain firearms. The 1989 amendment continued to prohibit the concealed carrying of certain firearms and added new prohibitions on possessing any firearm by certain categories of people, including minors, persons convicted of a felony, persons found guilty except for insanity of a felony, and persons subject to certain mental health orders. Or Laws 1989, ch 839, § 13. A violation of ORS 166.250 remained a misdemeanor.

At the same time, the legislature expanded the prohibition on firearm possession in ORS 166.270(1). Subject to the exception for people with only one older felony conviction that did not involve certain weapons, that statute had previously prohibited a felon from possessing a concealable firearm. The 1989 amendment retained that exception but expanded the prohibition to preclude a felon from possessing any firearm. Or Laws 1989, ch 839, § 4. A violation of ORS 166.270(1) remained a felony.

The result of that act is that both ORS 166.250 (1)(c)(C) and ORS 166.270(1) prohibit the same conduct—possession of a firearm by a person previously convicted of a felony. The question is whether the legislature intended the exception to ORS 166.270(1) to apply as well to the prohibition in ORS 166.250(1)(c)(C).

Under the state's interpretation, adding the prohibition on a felon possessing a firearm to ORS 166.250 had the effect of revoking the automatic restoration of firearm privileges provided by the 15-year exception to ORS 166.270 adopted in 1975. According to the state, a felon who qualifies for that exception no longer gets his or her firearm privileges restored by operation of law 15 years after being discharged from imprisonment, parole, or probation for the qualifying conviction. Instead, under the state's interpretation, a felon

would continue to be subject to a firearm disability under the newly enacted ORS 166.250(1)(c)(C) until the felon applied for and received relief from disability, such as through ORS 166.274. That provision was also adopted as part of the same bill in 1989 and, as originally adopted, allowed "[a] person barred from possessing a firearm under ORS 166.250(1)(c) or 166.270 or barred from purchasing a firearm under ORS 166.470 [to] file a petition for relief from the bar" in justice or municipal court and provided that relief from the bar shall be granted if the petitioner demonstrates that he or she "does not pose a threat to the safety of the public or the petitioner." Or Laws 1989, ch 839, § 11(1), (6).[11] To that end, the legislature amended the prefatory clause to ORS 166.250(1) to include that process. *See* Or Laws 1989, ch 839, § 13(1) ("Except as otherwise provided in *** [section] 11 ***.").

Under defendant's interpretation, adding the prohibition on a felon possessing a firearm to ORS 166.250 had the effect of giving new meaning to the inclusion of ORS 166.270 in the prefatory clause to ORS 166.250(1). As discussed above, prior to the 1989 amendments, the inclusion of ORS 166.270 in the prefatory clause was merely an artifact of the conversion to the ORS. It had no legal effect and did not function to make the exception to the prohibition in ORS 166.270(1) an exception to the prohibitions in ORS 166.250(1). But, according to defendant, expanding the prohibitions in ORS 166.250(1) to include prohibiting felons from possessing firearms implicated the exception to ORS 166.270(1) and, thus, the inclusion of ORS 166.270 in the prefatory clause limited the scope of the new prohibition.

The state counters that the legislature likely intended the two offenses to have at least some independent effect. According to the state, while the less serious misdemeanor offense in ORS 166.250(1)(c)(C) would apply to all felons, the more serious felony offense in ORS 166.270(1) would apply only to those felons with more recent convictions (discharged less than 15 years ago), felons with more than one

---

[11] In its current form, ORS 166.274(1) provides an avenue for relief from disability if "[t]he person is barred from possessing a firearm under ORS 166.250 (1)(c)(A), (C) or (H) or 166.270" or if "[t]he person is barred from receiving a firearm under ORS 166.470 (1)(a) or (b) or, if the person has been convicted of a misdemeanor involving violence, ORS 166.470 (1)(g)." ORS 166.274(1)(a)-(b).

felony conviction, or felons with a certain type of prior felony offense.[12] That distinction would be lost under defendant's interpretation.

The parties have not pointed us to any legislative history in 1989 directly addressing the inclusion of ORS 166.270 in the prefatory clause to ORS 166.250(1) or the relationship between those provisions otherwise. Because the amendments to those provisions were part of a much larger bill, the committee hearings and exhibits do not address every provision in detail.

The limited legislative history materials that are relevant support the state's interpretation. Those materials indicate that the new prohibition on a felon possessing a firearm in ORS 166.250(1)(c)(C) was not intended to track the scope of the prohibition in ORS 166.270(1), as defendant contends. Instead, the materials indicate that the new prohibition on a felon possessing a firearm in ORS 166.250 (1)(c)(C) was intended to track the scope of ORS 166.470, which contains prohibitions on certain firearm transfers that the legislature expanded in 1989.

The principal sponsor of the 1989 bill was Speaker of the House of Representatives Vera Katz, who was representing a diverse coalition of groups that had developed the proposed bill. In a document introducing the bill to committees in the House and Senate, Speaker Katz indicated that the list of persons prohibited from possessing firearms under amendments to ORS 166.250 was intended to track the list of persons to whom it was illegal to transfer firearms under amendments to ORS 166.470. *See* Exhibit A, House Committee on Judiciary, HB 3470, Apr 20, 1989, at 10 ("ORS 166.250 as amended also prohibits persons from possessing firearms who would be prohibited from purchasing firearms under HB 3470."); Exhibit B, Senate Committee on Judiciary, HB 3470, June 28, 1989, at 11 (same).[13]

---

[12] In 1989, the types of offenses that would preclude a person from qualifying for the exception to ORS 166.270(1) were limited to felony offense involving possession or use of firearms or switchblade knives. That was later expanded to include felony convictions for criminal homicide. Or Laws 1993, ch 735, § 2(4)(a).

[13] That same point was made in a document prepared by legislative staff for the subcommittee of the House Judiciary Committee that considered the bill. *See* Exhibit A, House Committee on Judiciary, Subcommittee on Natural Resources

Those amendments to ORS 166.470 indicate an intent to expand the bar on transferring firearms beyond those prohibited from possessing firearms under ORS 166.270. Before the 1989 amendments, the prohibition on transferring firearms in ORS 166.470 had been tied to the prohibition on selling firearms in ORS 166.270, making it a crime to sell, deliver, or otherwise transfer a handgun or other concealable firearm to someone known to be "within any of the classes prohibited by ORS 166.270 from owning or possessing such firearms." *Former* ORS 166.470 (1987). Thus, it would have been legal to transfer a firearm to a person who qualified for the 15-year exception to ORS 166.270 enacted in 1975. The 1989 amendments, however, disconnected the two statutes. As amended in 1989, ORS 166.470 prohibited the transfer of any firearms to a person whom the transferor knows or reasonably should know "has been convicted of a felony." Or Laws 1989, ch 839, § 3(1)(b), *currently codified as* ORS 166.470(1)(b). And, unlike ORS 166.250, ORS 166.470 does not include a prefatory clause that creates any room for incorporating the 15-year exception to ORS 166.270.

If the legislature intended the prohibitions on possession in ORS 166.250(1)(c) to track the prohibitions on transferring firearms in ORS 166.470 and expanded the prohibitions on transferring firearms in ORS 166.470 to be broader than the prohibitions on possession in ORS 166.270, then it suggests that the prohibition on possession in ORS 166.250(1)(c) was not intended to be limited by the scope of ORS 166.270.

While that legislative history is not conclusive, it supports the most natural reading of the words enacted by the legislature. The 15-year exception in ORS 166.270(4)(a) is an exception that is limited to the prohibition in ORS 166.270(1). *See* ORS 166.270(4)(a) ("Subsection (1) of this section does not apply to ***."). That exception does not authorize a qualifying person to engage in the conduct otherwise prohibited by ORS 166.270(1); it merely excepts

---

and Gaming Violations, HB 3470, May 11, 1989, at 13 ("This section[] broadens the current crime of unlawful possession of a firearm by expanding it to include persons prohibited under this Act from purchasing firearms.").

them from the felony offense set out in ORS 166.270(1). As a result, ORS 166.270(4)(a) does not provide an exception to the misdemeanor offense set out in ORS 166.250(1)(c)(C), and therefore is not implicated by that statute's prefatory clause, which provides, "Except as otherwise provided in *** [ORS] 166.270." Although that means that the inclusion of ORS 166.270 in that prefatory clause has no legal effect, that is consistent with the legislative enactments that led to its inclusion.

We therefore conclude that the exception for certain older felony convictions in ORS 166.270(4)(a) does not apply to the prohibition on a felon possessing a firearm under ORS 166.250(1)(c)(C). And we conclude that the trial court did not err in denying defendant's motion to present evidence that he qualified for the exception in ORS 166.270(4)(a) as a defense to the charge of attempted violation of ORS 166.250(1)(c)(C).

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.