Argued and submitted March 1, reversed and remanded for entry of judgment granting petition October 18, 2023

Dorton Nicholas NEWMAN,
*Petitioner-Appellant,*
*v.*
MARION COUNTY SHERIFF'S OFFICE,
*Respondent-Respondent.*

Marion County Circuit Court
21CV39064; A177996

538 P3d 895

Appellant petitioned for relief under ORS 166.274 from a state law prohibiting him from possessing a firearm. Relying on *Beecham v. United States*, 511 US 368, 114 S Ct 1669, 128 L Ed 2d 383 (1994), the trial court determined that it lacked authority to grant the petition because appellant was convicted of a federal felony. *Held*: The trial court erred in denying the petition. If the trial court had granted relief under ORS 166.274, then its decision would have restored appellant's right to possess a firearm under state law, but not under federal law. ORS 166.274 is not preempted by federal law. It does not interfere with federal enforcement of federal law, or mandate possession of a firearm, or stand as an obstacle to the accomplishment of the federal objective of keeping firearms out of the hands of dangerous persons. Reviewing the record *de novo*, the Court of Appeals concluded that appellant met his burden of demonstrating by clear and convincing evidence that he does not pose a threat to the safety of the public or himself.

Reversed and remanded for entry of judgment granting petition.

Courtland Geyer, Judge.

Shawn A. Kollie argued the cause for appellant. Also on the brief was Kollie Law, PC.

Cody W. Walterman argued the cause and filed the brief for respondent.

Before Shorr, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.

PAGÁN, J.

Reversed and remanded for entry of judgment granting petition.

### PAGÁN, J.

Over 30 years ago, appellant was convicted of bank robbery under 18 USC section 2113. Appellant completed his sentence, and he has not been convicted of any other crime since. As a result of that federal felony conviction, appellant is barred from possessing a firearm under state and federal statutes, including ORS 166.250(1)(c)(C) and 18 USC section 922(g)(1). Appellant petitioned for relief from the state statutory bar under ORS 166.274. Relying on *Beecham v. United States*, 511 US 368, 114 S Ct 1669, 128 L Ed 2d 383 (1994), the trial court determined that it lacked authority to grant the petition because appellant was convicted of a federal felony.

We disagree that the trial court lacked authority to do so. If the trial court had granted the requested relief under ORS 166.274, then it would have restored appellant's right to possess a firearm under state law, but not under federal law. We are thus not persuaded by the argument of the Marion County Sheriff's Office (sheriff) that ORS 166.274 is preempted by federal law. The sheriff does not identify how granting the petition would interfere with federal enforcement of section 922(g)(1) or frustrate the purpose of the federal statute, which remains enforceable regardless of whether appellant is granted relief from the bar on possessing a firearm under state law. Therefore, we conclude that the trial court erred as a matter of law. In addition, we find that appellant met his burden of showing that he is entitled to relief from the state law bar on possessing a firearm. We reverse and remand for the trial court to enter a judgment granting the petition.

Before turning to the facts, we describe some of the relevant statutory background. In Oregon, a person commits the misdemeanor offense of unlawful possession of a firearm if the person "[p]ossesses a firearm" and "[h]as been convicted of a felony." ORS 166.250(1)(c)(C). Chapter 166 does not define the term "felony," or limit it to persons who commit felonies under state law. *See* ORS 166.210 (defining key terms). ORS 166.274(1) provides, in relevant part, that,

"a person barred from possessing or receiving a firearm may file a petition for relief from the bar in accordance with subsection (2) of this section if:

"(a)  The person is barred from possessing a firearm under ORS 166.250(1)(c)(A), (C) or (H) or 166.270[.]"[1]

The petition for relief "must be filed in the circuit court in the petitioner's county of residence." ORS 166.274(2). "If the petitioner seeks relief from the bar on possessing or purchasing a firearm, relief shall be granted when the petitioner demonstrates, by clear and convincing evidence, that the petitioner does not pose a threat to the safety of the public or the petitioner." ORS 166.274(7).

The federal statute at issue, 18 USC section 922(g), provides, in relevant part:

"It shall be unlawful for any person—

"(1)  who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

"* * * * *

"to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

However, 18 USC section 921(a)(20) provides an exemption: the term "'crime punishable by imprisonment for a term exceeding one year'" does not include any conviction "for which a person * * * has had civil rights restored * * *."

## FACTS

With that statutory background in mind, we turn to our standard of review and the facts. Our review is *de novo*. ORS 166.274(10)(a). "Given that standard of review, we independently assess and evaluate the evidence and reweigh the facts and reassess the persuasive force of the evidence."

---

[1]  ORS 166.250(1)(c)(A) bars a person under 18 years of age from possessing a firearm. ORS 166.250(1)(c)(H) bars the possession of a firearm by a person prohibited under ORS 166.255, which includes persons restrained from stalking or intimidating others. Under ORS 166.250(1)(c)(C), it is a misdemeanor for a felon to possess a firearm, and, under ORS 166.270, it is a felony for a felon to possess a firearm. For a discussion of the relationship between ORS 166.250(1) and ORS 166.270, *see State v. Burris*, 370 Or 339, 518 P3d 891 (2022).

*Bentley v. Multnomah County Sheriff's Office*, 297 Or App 609, 610, 443 P3d 743 (2019) (internal quotation marks omitted).

Here, the relevant facts are primarily procedural. In September 2021, appellant petitioned for "Relief from the Prohibition Against Purchasing and Possessing Firearms pursuant to ORS 166.274." He argued that that right was revoked when he was convicted of bank robbery in 1993.[2] Appellant submitted an affidavit in support of his petition explaining that his conviction did not involve the use of a firearm or a deadly weapon, and he has been "conviction free for over 29 years." Appellant described his family, his history of employment as a mediator, and his volunteer activities in his community. Appellant averred that he seeks relief from the bar on possessing a firearm so that he can go hunting with his brother and teach hunting skills to his children. In support of his petition, appellant submitted letters from his brother, his wife, his sister-in-law, and a family friend.

In opposition to the petition, the sheriff did not contest that evidence or offer any additional evidence. Instead, the sheriff made a purely legal argument. Relying on *Beecham*, 511 US at 370, the sheriff argued that the trial court had no authority to provide the requested relief because "a state restoration of civil rights cannot undo the federal disabilities imposed on an individual under the Federal Firearms statute resulting from the individual's federal conviction." (Footnote omitted.) At the hearing, appellant acknowledged that ORS 166.274 "does not grant *** protection under federal law from prosecution."

The trial court agreed with the sheriff. In its general judgment, the trial court stated that "there is clear and convincing evidence that if this Court had the authority to grant Petitioner's requested relief, Petitioner does not pose a threat to the safety of himself or the public." However, based on *Beecham*, 511 US at 370, the trial court concluded that it "lacks the lawful authority to grant the requested relief." Appellant now challenges the trial court's judgment denying his petition.

---

[2] Appellant was the driver for the robbery. He pleaded guilty in federal court in 1992, he was sentenced in 1993, and he was released from custody in 1995.

ANALYSIS

On appeal, the sheriff argues that granting appellant the relief sought under ORS 166.274 "would create conflict between existing state and federal law." More specifically, the sheriff argues that granting the relief sought would conflict with 18 USC sections 927 and 922(g).

Both the trial court and the sheriff relied on *Beecham*, a case in which the United States Supreme Court determined that the restoration of civil rights under state law could not undo the federal disabilities imposed by section 922(g). 511 US at 369-74. Instead, the exemption in section 921(a)(20) applies when a person convicted of a federal crime has "had their civil rights restored under federal law." *Id.* at 374. A person prohibited from possessing firearms "may make an application to the Attorney General for relief from the disabilities imposed by Federal laws[.]" 18 USC § 925(c).[3] Notably, *Beecham* did not hold that the underlying state court orders restoring civil rights were themselves preempted by federal law or unauthorized; rather, the opinion was limited to the *effect* of those orders on federal convictions in federal court. *See Beecham*, 511 US at 370 ("The question presented to the District Courts was whether these restorations of civil rights by *States* could remove the disabilities imposed as a result of Beecham's and Jones' *federal* convictions." (Emphases in original.)).

As we understand his petition, appellant was not requesting the trial court to restore his firearm rights under federal law. Instead, he sought and seeks relief from the bar on possessing a firearm imposed by ORS 166.250(1)(c)(C).[4]

---

[3] The Attorney General delegated its power to act on section 925(c) applications to the Bureau of Alcohol, Tobacco, and Firearms (ATF), and, since 1992, Congress has prohibited the federal funds appropriated annually for ATF from being used to act upon such applications. *Black v. Snow*, 272 F Supp 2d 21, 23-24 (D DC 2003), *aff'd sub nom*, *Black v. Ashcroft*, 110 F Appx 130 (DC Cir 2004). Whether and how appellant's right to possess a firearm could be restored under federal law is not addressed in any detail by the parties and that question is beyond the scope of this opinion.

[4] Only the misdemeanor offense of being a felon in possession of a firearm under ORS 166.250(1)(c)(C) is at issue. The record indicates that appellant is no longer barred from possessing a firearm under ORS 166.270 because subsection (1) of that statute does not apply to any person described in subsection (4). Subsection (4) applies based on the nature of appellant's crime and because he was discharged over 15 years ago.

The Court's holding in *Beecham* did not operate to deprive the trial court here of authority to grant the petition. *Beecham* holds that a state court cannot restore federal rights, but it does not address a state court's ability or authority to restore firearm rights under state law.

In arguing otherwise, the sheriff suggests that the trial court has no authority to grant the petition because ORS 166.274 conflicts with 18 USC sections 927 and 922(g). Although the sheriff's appellate brief does not develop that argument in any detail, we understand it to be a preemption argument.[5] In *Willis v. Winters*, 350 Or 299, 302, 253 P3d 1058 (2011), the Oregon Supreme Court addressed a similar preemption argument, holding that "the Federal Gun Control Act does *not* preempt the state's concealed handgun licensing statute." (Emphasis in original.) Guided by our Supreme Court's analysis in *Willis*, we conclude that the federal Gun Control Act does not preempt ORS 166.274.[6] Therefore, we reject the sheriff's argument that the trial court has no authority to grant the petition.

The power of Congress to preempt state law arises from the Supremacy Clause of Article VI of the United States Constitution, which provides that the laws of the United States are "the supreme law of the land," and that the state courts "shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding." As explained in *Willis*, there are three circumstances that result in the preemption of state law by federal law: "(1) when the federal law expressly provides for preemption; (2) when a congressional statutory scheme so completely occupies the field with respect to some subject matter that an intent to exclude the states from legislating in that subject area is implied; and (3) when an intent to preempt is implied from an actual conflict between state and federal law." 350 Or at 308. Here, the federal Gun Control Act states:

---

[5] The only contested issue argued below was whether the trial court had authority to grant relief under ORS 166.274 based on a federal felony. Although that argument was not developed in detail, it was sufficient to preserve the issue of whether ORS 166.274 is preempted by federal law.

[6] For ease of reference, we refer to the Gun Control Act of 1968, Pub L 90-618, 82 Stat 1213 (1968), and any amendments thereto, as the "federal Gun Control Act."

"No provision of this chapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together."

18 USC § 927. As a result, only the third type of preemption—preemption implied from an actual conflict—is at issue in the present case. *Willis*, 350 Or at 308. Under that test, we consider whether there is a direct conflict between the state and federal law, and whether the state law stands as an obstacle to the accomplishment of Congress's objectives. *Id.* at 309-11.

Like in *Willis*, we first note that "there is no direct conflict between the federal and state statutes under consideration, in the sense of it being impossible to comply with both." 350 Or at 311. In *Emerald Steel Fabricators, Inc. v. BOLI*, 348 Or 159, 176, 230 P3d 518 (2010), our Supreme Court explained that "the physical impossibility prong of implied preemption is vanishingly narrow." (Internal quotation marks omitted.) In *Emerald Steel*, the Supreme Court concluded that it is not physically impossible to comply with both the Oregon Medical Marijuana Act and the federal Controlled Substances Act because, although the two laws are logically inconsistent, "a person can comply with both laws by refraining from any use of marijuana." *Id.* Similarly, here, a person granted relief under ORS 166.274 may refrain from possessing a firearm, so it is not physically impossible to comply with both the state and federal laws at issue.

Turning, then, to the second prong of the analysis, we must consider whether ORS 166.274 stands "as an obstacle to the full accomplishment and exercise of the federal firearms statute's purpose." *Willis*, 350 Or at 311.

"Federal cases teach us that obstacle preemption questions are to be resolved by examining the federal law to ascertain its purposes and intended effects, examining the state statute to determine its effects, and comparing the results to determine whether the latter statute in some way obstructs the accomplishment of the objectives that have been identified with respect to the former statute."

*Id.* at 309 (internal quotation marks omitted). "When traditional regulatory powers of the states are implicated (as in the present case), that analysis incorporates a presumption that Congress did *not* intend to preempt." *Id.* (Emphasis in original.)

In the instant case, as described above, the relevant federal statute makes it unlawful for any person who has been convicted of a felony to "possess in or affecting commerce * * * any firearm or ammunition." 18 USC § 922(g)(1). The purpose of that statute is to "keep firearms away from the persons Congress classified as potentially irresponsible and dangerous." *Barrett v. United States*, 423 US 212, 218, 96 S Ct 498, 46 L Ed 2d 450 (1976) (construing earlier version of section 922(g)); *see also Dickerson v. New Banner Institute, Inc.*, 460 US 103, 112 n 6, 103 S Ct 986, 74 L Ed 2d 845 (1983) (By enacting section 922(g), Congress sought to keep firearms out of the hands of "presumptively risky people.").

Under Oregon law, it is a Class A misdemeanor for a person convicted of a felony to possess a firearm. ORS 166.250(1)(c)(C), (5). However, a person barred from possessing a firearm under that statute may petition for relief from the bar under ORS 166.274(1), and the trial court shall grant relief "when the petitioner demonstrates, by clear and convincing evidence, that the petitioner does not pose a threat to the safety of the public or the petitioner." ORS 166.274(7). Thus, under Oregon law, subject to the trial court's determination that felons do not pose a threat to themselves or others, the trial court may restore their right to possess a firearm. In other words, if that right is restored, the felon will be protected from prosecution under ORS 166.250(1)(c)(C) or, if applicable, ORS 166.270. But simply removing the ability of the state to prosecute someone for possessing a firearm does not obstruct the purpose of the federal statute; restoring the rights under state law does not mandate that a person actually possess a firearm, and, if trial courts are applying ORS 166.274 appropriately, gun rights may only be restored upon a showing that the petitioner does not pose a threat to themselves or others, which is consistent with the purpose of the federal disability.

Furthermore, in *Willis*, the Supreme Court determined that Oregon's concealed handgun licensing statute does not stand as an obstacle to the purposes of the federal Gun Control Act because the state statute "does not in any way preclude full enforcement of the federal law by federal law enforcement officials." 350 Or at 312. Applying the same reasoning here, granting appellant relief under ORS 166.274 means that he can no longer be successfully prosecuted for being a felon in possession of a firearm under ORS 166.250(1)(c)(C), but granting appellant that relief does not preclude federal law enforcement officials from prosecuting appellant under section 922(g) if appellant were to "possess in or affecting commerce *** any firearm or ammunition."[7]

In sum, having considered the sheriff's preemption argument, we reject it. First, there is no direct conflict between the state and federal statutes at issue in the sense of it being physically impossible to comply with both. Second, ORS 166.270 does not stand as an obstacle to the accomplishment of Congress's objective to keep firearms out of the hands of dangerous persons. And third, granting the relief requested will not protect appellant from prosecution under federal law or hinder enforcement of the federal statute. Accordingly, we conclude that ORS 166.274 is not preempted by the federal Gun Control Act.

Next, the sheriff argues that ORS 166.274 does not allow for "partial relief from the bar on possessing or purchasing a firearm," and that granting petitioner the relief requested "would create substantial confusion as to what effectively has been restored." We are not persuaded by that argument. In the instant case, the right that would be restored is appellant's right to possess a firearm without fear or risk of prosecution for the misdemeanor offense of being a felon in possession of a firearm under ORS 166.250(1)(c)(C). But that relief would not protect him from federal prosecution for being a felon in possession of a firearm under section 922(g)(1). To obtain relief from that federal disability,

---

[7] At the hearing, counsel for appellant suggested that, if the relief was granted, then it would not grant appellant protection from prosecution under federal law, but he could not be successfully prosecuted under section 922(g) if he were to possess "black powder rifles, antique firearms, all firearms that are not engaged in interstate commerce[.]" We express no opinion on that question.

appellant must have his civil rights restored under federal law. *Beecham*, 511 US at 374. However, as we noted, *Beecham* does not deprive the trial court of its authority to grant appellant relief from the bar on possessing a firearm under state law.

Having rejected the sheriff's legal arguments, we consider the facts presented below. *See* ORS 166.274(10)(a) ("Initial appeals of decisions shall be heard *de novo*."). In support of his petition, appellant filed an affidavit explaining that he seeks relief from the bar on possessing a firearm so that he can go hunting with his brother and children. Appellant's petition was supported by letters from family members and friends. In opposition, the sheriff presented no evidence and relied on its legal arguments.

At the hearing, the trial court expressed concern as to whether "law enforcement data systems have the capability" to distinguish between the restoration of state and federal rights to possess a firearm. But there is no evidence in the record about law enforcement data systems and their capabilities. Accordingly, there is no evidence that we can rely on to conclude that they are incapable of doing so. In any event, we are not persuaded that such concerns would affect our ultimate analysis. Based on the evidence presented at the hearing, we conclude that appellant demonstrated, by clear and convincing evidence, that he "does not pose a threat to the safety of the public or" himself. ORS 166.274(7).

In *Bentley*, we considered a similar appeal from a judgment denying an ORS 166.274 petition. 297 Or App at 610. Like appellant, the petitioner in *Bentley* had a federal robbery conviction. *Id.* Undertaking *de novo* review, we concluded that the petitioner demonstrated that he did not pose a threat to the safety of the public or himself, and we reversed and remanded. *Id.* at 615-16. We did so even though a letter from the petitioner's probation officer alluded to the difference between federal and state law. After the petitioner satisfied the conditions of his supervised release, his probation officer sent him a letter congratulating him, but warning that his federal "'right to bear a firearm is a right which **cannot** be returned to you at this time due to budget

constraints by the [ATF].'" *Id.* at 610-11 (boldface in original). Nevertheless, we remanded for entry of a judgment granting the petition. *Id.* at 616.

Similarly, here, although granting appellant's petition for relief under ORS 166.274 will not restore his right to possess a firearm under federal law, that fact does not render the requested relief meaningless, because it protects appellant from prosecution under ORS 166.250(1)(c)(C). Having reviewed the record *de novo*, we conclude that appellant met his burden of showing by clear and convincing evidence that he does not pose a threat to the safety of the public or himself, and that the trial court should therefore have granted the petition.

Reversed and remanded for entry of judgment granting petition.